UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DETROIT CLUB MANAGEMENT CORP,

    Plaintiff,

v.

Case No.
Hon.
Magistrate Judge

THE CINCINNATI CASUALTY COMPANY,

    Defendant.
_____/

MELAMED, LEVITT,
MILANOWSKI & EARLS, P.C.
By: Ann-Marie E. Earls (P78308)
*Attorney for Plaintiff*
26611 Woodward Avenue
Huntington Woods, MI 48070
(248) 591-5000
annieearls@mlmepc.com
_____/

## COMPLAINT

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in this Complaint.

NOW COMES Plaintiff, Detroit Club Management Corp ("DCMC"), by and through its attorneys, Melamed, Levitt, Milanowski & Earls, P.C. by Ann-Marie E. Earls, and states the following in support of its Complaint:

## COMMON ALLEGATIONS

1. Plaintiff DCMC is a Michigan domestic profit corporation authorized to conduct business in the State of Michigan, County of Wayne, having its principal place of business located in the City of Detroit, State of Michigan.

2. Defendant The Cincinnati Casualty Company ("TCCC") is an Ohio property and casualty insurance entity authorized to insure property in the state of Michigan, having its principal place of business located in the City of Fairfield, State of Ohio.

3. Venue is proper in this judicial district because it is where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 USC 1391(b)(2). Further, TCCC conducts insurance business within this district, the insurance policy covered a property in Wayne County, Michigan, and the insurance policy was purchased in Wayne County, Michigan. 28 USC 1391(b).

4. The amount in controversy is in excess of $75,000.00 and is otherwise within the jurisdiction of this Honorable Court, due to the amount in controversy and diversity of citizenship, pursuant to 28 USC § 1332.

5. Defendant issued a Commercial Insurance Policy, Number EPP 0531536 ("Policy"), naming DCMC as the named insured, with a policy period from March 18, 2019 through March 18, 2022, providing coverages for insured property

located at 712 Cass Avenue, Detroit, Michigan ("Property") for all perils including smoke, with coverage limits for the Building of $10,000,000; Business Income and Extra Expense of $100,000; and other coverages.

6. The Policy was in force and effect on or about February 25, 2021.

7. On or about February 25, 2021, Plaintiff had an insurable interest in the subject Property.

8. On or about February 25, 2021, Plaintiff sustained an insured smoke loss at the subject Property.

9. Plaintiff gave timely notice of its loss to Defendant and has substantially complied with all requirements of said Policy of insurance and applicable Michigan law in making its claim for insurance proceeds resulting from said loss.

10. Upon conclusion of its investigation into Plaintiff's claim, the Defendant accepted liability for the insured loss, leaving only the value of the claim to be determined.

11. The parties independently prepared valuations for all coverage losses, including Building and Business Income and Extra Expenses.

12. The parties' respective adjusters were unable to reach an agreement as to the value of the Building and Business Income and Extra Expense losses.

13. On June 20, 2022, Plaintiff submitted its demand for appraisal to Defendant, as provided for in the Policy.

14. Defendant refuses to participate in the appraisal of Plaintiff's Building and Business Income and Extra Expense losses.

## COUNT I – BREACH OF CONTRACT

15. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

16. Pursuant to Defendant's insurance Policy, where a dispute exists regarding the amount of the loss, either party to an insurance contract may make a demand for appraisal.

17. On June 20, 2022, Plaintiff demanded appraisal of its Building and Business Income and Extra Expense losses, and named its appraiser as required under Defendant's insurance Policy.

18. Defendant, in direct breach of Policy requirements, has refused to proceed with the appraisal of Plaintiff's unresolved claim.

19. Defendant has no basis in fact or law to refuse to appraise Plaintiff's Building loss.

20. Plaintiff has suffered and continues to suffer additional economic consequential damages, which were within the reasonable contemplation of the

parties when they entered into the contract and/or were the natural consequence of Defendant's breach of contract.

21. Plaintiff claims contractual and consequential damages from Defendant as a proximate result of its breach of contract.

WHEREFORE, Plaintiff requests this Honorable Court enter a judgment declaring Defendant violated its insurance contract, and ordering Defendant to:

a. participate in the appraisal of Plaintiff's Building and Business Income and Extra Expenses losses;

b. retain jurisdiction of this matter to, if necessary, appoint an umpire within fifteen (15) days of entry of the Court's order, if the parties' appraisers are unable to agree upon an umpire as provided for in MCL 500.2833, and to otherwise enforce the orders of this Court; and

c. award costs, interest and attorney fees to Plaintiff pursuant to MCR 2.625 for presenting its anticipated frivolous defense to Plaintiff's demand for appraisal.

### COUNT II – DEFENDANT'S VIOLATION OF MCL 500.2833(1)(M)

22. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

23. MCL 500.2833(1)(m) states:

> "Each fire insurance policy issued or delivered in this state *shall* contain the following provisions:

5

>                             ***
>     (m) that **if the insured and insurer fail to agree on the actual cash value or amount of the loss, either party may make a written demand that the amount of the loss or the actual cash value be set by appraisal**. If either makes a written demand for appraisal, each party shall select a competent, independent appraiser and notify the other of the appraiser's identity **within 20 days after receipt of the written demand**…" *(emphasis added)*.

24. On June 20, 2022, Plaintiff submitted its demand for appraisal to Defendant.

25. On September 20, 2022, Defendant knowingly and intentionally violated the applicable statute when it refused to participate in the appraisal process based on a disagreement regarding the scope of the covered loss, when both the letter and the spirit of the law, as well as case law interpreting that statute, clearly leave issues of scope to be decided by the appraisal process.

26. Defendant's refusal to appraise the covered loss contravenes the dictates of MCL 500.2833(1)(m).

27. MCL 500.2833(1)(m) merely requires a disagreement as to the amount of the loss and a demand by either party. Following that, appraisal is mandatory.

28. Further, Defendant is misinterpreting the term "scope" by claiming it requires agreement as to each and every material or other cost to repair Plaintiff's building.

29. The identical issue was presented to the Michigan Court of Appeals in *Auto-Owners Ins. Co. v. Kwaiser*, 190 Mich App 482, 488; 476 NW2d 467 (1991), which ruled that "the decision of the appraisers with regard to what particular articles or items of property are embraced within the general description of the property they are to appraise for damages is final and conclusive." *Id.* at 488.

30. "A contrary reading of the appraisal remedy would require this Court to conduct an item-by-item (or crack-by-crack) determination of exactly which losses fall within the scope of coverage… a task properly undertaken by the appraisers." *Olivet College v. Indiana Ins. Co.*, No. 98-cv-821 (WD Mich 1998), citing *Kwaiser*, 190 Mich App at 488.

31. Plaintiff is not seeking a coverage determination, inasmuch as Defendant has already acknowledged liability and begun the process of adjusting the claim, but rather, is seeking only a determination of the value of its loss – the very reason for the appraisal process.

32. By the filing of this Complaint, Plaintiff merely seeks a judgment declaring Defendant in violation of MCL 500.2833(1)(m) and ordering Defendant to resolve their differences in the value of this claim through the appraisal process, which was created as a "substitute for judicial determination of a dispute concerning the amount of a loss," and which is "a simple and inexpensive method for the prompt

adjustment and settlement of claims." *Thermo-Plastics R&D, Inc. v. General Accident Fire and Life Assurance Corp. Ltd.*, 42 Mich App 418, 422 (1972).

33. Pursuant to MCR 2.605(D), Plaintiff requests this Honorable Court order a speedy hearing of this action, so that appropriate payment can be made to Plaintiff, thus allowing it to repair its Property in as expedited a manner as possible.

34. Plaintiff claims contractual and consequential damages from Defendant as a proximate result of its violation of MCL 500.2833(1)(m).

WHEREFORE, Plaintiff requests this Honorable Court enter a judgment declaring Defendant is in violation of MCL 500.2833(1)(m) and enter an order requiring Defendant to:

   a. participate in the appraisal of Plaintiff's Building and Business Income and Extra Expense losses;

   b. retain jurisdiction of this matter to, if necessary, appoint an umpire within fifteen (15) days of entry of the Court's order, if the parties' appraisers are unable to agree upon an umpire as provided for in MCL 500.2833, and to otherwise enforce the orders of this Court; and

   c. award costs, interest and attorney fees to Plaintiff pursuant to MCR 2.625 for presenting its anticipated frivolous defense to Plaintiff's demand for appraisal.

## COUNT III – STATUTORY PENALTY INTEREST
## PURSUANT TO MCL 500.2006

35. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

36. Defendant is required to comply with the Michigan Uniform Trade Practices Act ("UTPA").

37. Under Michigan law, specifically MCL 500.2006(3) and *Griswold Properties, LLC v. Lexington Ins. Co.*, 276 Mich. App. 551, 555 (2007), benefits not paid on a timely basis shall bear simple interest from a date sixty (60) days after satisfactory proof of loss was received by the insurer at a rate of twelve percent (12%) per annum.

38. On or before December 28, 2021, Plaintiff submitted satisfactory proof of its insured Building and Business Income and Extra Expenses losses to Defendant. Timely benefits were to be paid on these damages on or before February 26, 2022, and statutory interest on all payments made under the Policy thereafter.

39. Defendant failed to pay Plaintiff's insured damages in full on or before February 26, 2022 and owes statutory interest on the amounts it will pay from the time the payments should have been made to the time they were ultimately paid.

WHEREFORE, Plaintiff requests this Honorable Court enter a judgment declaring Defendant owes statutory interest, pursuant to MCL 500.2006, and

ordering Defendant to pay Plaintiff statutory interest on all future proceeds awarded, if any.

                Respectfully submitted,

                MELAMED, LEVITT,
                MILANOWSKI & EARLS, P.C.

                /s/Ann-Marie E. Earls
                By: Ann-Marie E. Earls (P78308)
                *Attorney for Plaintiff*
                26611 Woodward Avenue
                Huntington Woods, MI 48070
                (248) 591-5000
                annieearls@mlmepc.com

Dated:      December 16, 2022